UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                             ORDER

ALAN KING,                                   16-CR-478-11 (CS)

                  Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Alan King's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 419), and the Government's opposition thereto, (Doc. 421).

       On January 29, 2018, Defendant was sentenced principally to 108 months' imprisonment. (Doc. 263.)  That sentence was well below the advisory Sentencing Guidelines range of 151-188 months.  (Presentence Report at 23.)  He has served approximately 54 months.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his medical conditions – specifically, hypertension, anxiety and obesity – put him at increased risk for a severe case should he develop COVID-19, and amount to an extraordinary and compelling reason. Of those ailments, only obesity appears on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19. Hypertension and overweight are conditions that, according to the CDC, only *might* be risk factors. Anxiety is not listed.

Defendant claims his body mass index ("BMI") is "on the verge of 40," (Doc. 419 at 1), but the Government represents that it is advised by the Bureau of Prisons ("BOP") that Defendant weighed 201 pounds on February 18, 2021, which, at 5'8", puts his BMI at 30.6 – just barely obese. According to records supplied by Defendant, his BMI on February 8, 2019 was 28.6. It thus appears that if he is obese, he is barely so, and he may have become so during the pandemic. Defendant could easily lose the small amount of weight necessary for him not to be considered obese. His institution (USP Canaan) has only two inmate cases (down from a high of 125 on December 8, 2020). So I am not at all sure that Defendant's health, combined with the pandemic, would amount to extraordinary and compelling circumstances.

But there is another factor that makes me conclude that those circumstances are not, in this case, extraordinary and compelling:  BOP records reveal that Defendant refused the Pfizer COVID-19 vaccine on February 9, 2021 – the day before his motion was placed in the mail, (*see* Doc. 419 at 84).[1]  "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination).  Accordingly, I do not believe extraordinary and compelling circumstances exist.

Even if they did, I would still have to consider the § 3553(a) factors.  They militate strongly against release only about halfway into Defendant's already-well-below-Guidelines sentence.  The instant conviction was Defendant's eighth, his seventh involving drugs, and his fifth felony.  He had violated parole three times.  He was not an impulsive, immature youth at the time of the offense but a man of forty-two.  Prior significant sentences did nothing to deter him.  To let Defendant out now would seriously several of the purposes of sentencing.  It would not sufficiently address the seriousness of the offense, which involved more than 200 grams of cocaine, and the history and characteristics of the Defendant, including his record of recidivism (including returning to crime after significant sentences) and disrespect of the law.  It would not be just punishment and would introduce unwarranted sentencing disparities.  Perhaps most importantly, it would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's long rap sheet.  There is, sad to say, no reason to believe that this

---

[1] The Court will file the BOP medical records under seal.

time around, Defendant would be any more law-abiding than he has been in the past.  In short, the § 3553(a) factors would outweigh the extraordinary and compelling circumstances .

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 419 and to send a copy of this Order to Alan King, No. 78060-054, USP Canaan, U.S. Penitentiary, Satellite Camp, P.O. Box 200, Waymart, PA 18472.

Dated: February 24, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.